## ST. LOUIS & S. F. R. CO. v. COYLE *et al.*

No. 2441.   Opinion Filed March 12, 1912.

Rehearing Denied June 4, 1912.

(123 Pac. 1045.)

CARRIERS—Corporation Commission—Delay in Delivering Freight—Contempt—Evidence. Evidence examined, and held not sufficient to support the order of the Corporation Commission appealed from.

(Syllabus by the Court.)

*Appeal from the State Corporation Commission.*

Action by Ed. J. Coyle and the State of Oklahoma against the St. Louis & San Francisco Railroad Company. Judgment for plaintiffs, and defendant appeals. Reversed and remanded, with directions.

See, also, 29 Okla. 201, 115 Pac. 769.

*W. F. Evans* and *R. A. Kleinschmidt,* for plaintiff in error.

*Chas. West,* Atty. Gen., *Chas. L. Moore,* Asst. Atty. Gen., and *C. J. Davenport,* for defendants in error.

KANE, J.   This is an appeal from an order of the Corporation Commission, adjudging plaintiff in error guilty of con-

tempt, and assessing a fine of $500 against it for an alleged violation of order No. 168, which provides, in part:

"It shall be the duty of carriers to begin the forward movement of freight toward its destination within twenty-four hours (24) after the bill of lading is signed and after movement thus commences, such freight shall be carried toward its destination at a rate of not less than fifty (50) miles per day covering the whole period any carrier controls the same and at junctional and divisional points twelve (12) hours additional time shall be granted.    *  . *    *"

There are many grounds assigned by counsel for plaintiff in error why the order of the Commission should be reversed; but on argument they seem to have been condensed into two subheads, as follows:   (1) The judgment and order of the Corporation Commission, adjudging plaintiff in error guilty of violating order No. 168, and assessing a fine of $500, is not supported by sufficient evidence, and is contrary to law.   (2)* The order of the Corporation Commission, assessing the fine of $500 against plaintiff in error, is unreasonable and unjust.

There is no substantial difference between the parties concerning the facts.   It appears the car of freight out of which the controversy arose was delivered to the Missouri, Kansas & Texas Railway Company at Broken Arrow, on July 14, 1910, and was billed from that point to the complainant Coyle at Sumner, Okla., via Tulsa.   On the 16th day of July, 1910, the car reached Tulsa, and was placed upon the connecting track by the Katy.   The next morning the car was taken by plaintiff in error from the connecting track and placed in its yard at Tulsa. On the same · day. a through waybill was left at the Frisco office at Tulsa, which was returned to the Missouri, Kansas & · Texas agent with the advice that through billing could not be received at that time owing to the cancellation of the through rate and the traffic arrangement which, prior to that time, had been in force in the state of Oklahoma.   The Missouri, Kansas & Texas agent immediately took the matter up with the general officers of his road, and was advised by them to furnish local billing.   The Missouri, Kansas & Texas agent received this ad-

vice on the 18th of July, and delivered the local billing to the Frisco agent on the 19th.

The car was moved out of Tulsa on the 20th, and arrived at the A. V. & W. junction at 3:45 a. m. on the 21st, where it was set out to be weighed, after which it left the junction at 9 a. m., and arrived at its destination at 6 o'clock that evening. The total time consumed by the plaintiff in error, the Frisco, after receiving this shipment was 54 hours.

It is obvious that if the time limit fixed by order No. 168 did not commence to run until billing instructions were received by the plaintiff in error from the Katy the plaintiff in error moved the car more than 50 miles per day after the expiration of the 24-hour period allowed for that purpose, and allowing the 12-hour delay permitted at junction points. Counsel for plaintiff in error contend for that construction; whilst the Attorney General contends that, even if the Katy agent had no authority to issue a through bill of lading over the plaintiff in error's line, it was still its duty to collect the regular charges for the service to be rendered, and forward the shipment in compliance with order No. 168. It seems that order No. 168 was put in force at a time when the through schedule and traffic arrangement, binding upon both companies, promulgated by the Corporation Commission, was in force; that on the 7th of July this schedule and traffic arrangement was enjoined by the federal courts, and on the same day, and just three days prior to the date of this shipment, the plaintiff in error and the Katy issued new tariffs and traffic arrangements, whereby this shipment was required to be rebilled at Tulsa, before it could be transported by the Frisco from that point to its destination. The Frisco agent had notice of this change; but the Katy agent, for some reason that does not appear in the record, did not know of it until he was instructed to that effect by the officers of his company.

The situation, as we understand it, is about as follows: Prior to July 12th, there was a through billing arrangement between the Katy and the Frisco. On that date, this was canceled, under the authority of the federal injunction, by a tariff effective

at once. The Katy billed out a shipment with a billing that was contrary to the new tariff. The Frisco, when the shipment was tendered to it at Tulsa, demanded that it be furnished with proper billing instructions, in line with the new tariff. As soon as proper billing instructions were received, the plaintiff in error took charge of the shipment and moved it to its destination within the time prescribed by order No. 168.

We do not understand how a fine for contempt could be predicated upon that statement of facts. There is no doubt that the new arrangement required a rebilling at Tulsa, and that the plaintiff in error had notice of the new arrangement, and that order No. 168 allows a carrier 24 hours after the bill of lading is signed within which to begin the forward movement of the car towards its destination. It seems that it was the Katy's duty to furnish the information for rebilling to the second carrier. On that question, Mr. Bee, rate expert of the Commission, testified: .

"In my opinion as an expert on tariff and rate matters, I would consider that the company delivering the car would be responsible until they furnished the line to which they delivered sufficient data to enable them to properly bill the car to its destination."

The agent for the plaintiff in error at Tulsa testified:

"We had no way of telling to whom to send the car, or where to send it, until billing was furnished; and under the rules the M., K. & T. holds us responsible for charges. When the Katy got its injunction, it then set aside all joint rates; and it would naturally set aside joint rate billing."

This evidence is not contradicted in any particular. It seems to us to be unreasonable to require the plaintiff in error to comply with order No. 168 until after it received billing instructions, as otherwise, as its agent says, it would have "no way of telling to whom to send the car, or where to send it."

The Attorney General invokes the provision in the Constitution that the order of the Corporation Commission shall be taken as *prima facie* just, reasonable, and correct; and the burden is upon the plaintiff in error to establish the unreasonable-

ness and unjustness of such order. The foregoing provision has been recognized and passed upon by this court in many cases; but we do not see how it has any application to the case at bar. The undisputed facts are before the court; and they just raise one question, and that is whether the plaintiff in error was bound to forward the shipment in accordance with order No. 168, notwithstanding it had received no billing instructions from the carrier who received it. The expert on rate matters for the Commission testified, and in this he was corroborated by the agent of the plaintiff in error at Tulsa, presumably an experienced railroad man, that the company delivering the car would be responsible until they furnished the line to which they delivered sufficient data to enable them to properly bill the car to its destination. Without passing upon the responsibility of the Katy, as that question is not before us, it seems very clear that the evidence fails to establish any violation of order No. 168 on the part of the plaintiff in error.

The order of the Corporation Commission appealed from is reversed, and the cause remanded, with directions to dismiss the proceeding.

All the Justices concur.